## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JOECEPHUS MITTS, # N-83034, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Case No. 15-cv-811-NJR** |
| | ) | |
| DR. PHIL MARTIN, | ) | |
| MR. GARCIA, | ) | |
| WARDEN DUNCAN, | ) | |
| and JOHN COE, | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff, an inmate currently incarcerated at Lawrence Correctional Center ("Lawrence"), has filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff suffers from a rare type of skin cancer, and he alleges that Defendants have delayed and denied his treatment and failed to send him to an outside specialist for necessary evaluation of his condition. Along with his complaint, Plaintiff filed a motion for a preliminary injunction and TRO, seeking to obtain treatment from "a medical professional who is qualified to handle his care" (Doc. 3, p. 4).

Plaintiff has been diagnosed for some time with mycosis fungoides.[1] In fact, he previously filed suit in this Court over prison officials' deliberate indifference to this condition.

---

[1] According to WebMD, "Mycosis Fungoides is a rare form of T-cell lymphoma of the skin (cutaneous); the disease is typically slowly progressive and chronic. In individuals with Mycosis Fungoides, the skin becomes infiltrated with plaques and nodules that are composed of lymphocytes. In advanced cases, ulcerated tumors and infiltration of lymph nodes by diseased cells may occur. The disorder may spread to other parts of the body including the gastrointestinal system, liver, spleen, or brain." Http://www.webmd.com/cancer/mycosis-fungoides-10856 (last visited Aug. 17, 2015).

*Mitts v. Wahl, et al.*, Case No. 11-cv-398-JPG-PMF (filed May 12, 2011; closed March 24, 2014). That case was ultimately dismissed after the parties reached a settlement agreement, the terms of which have not been disclosed.

In the present action, Plaintiff alleges that he was to be evaluated periodically by Dr. Yadira Hurley of St. Louis University, or her successor, to monitor his cancer treatment (Doc. 1, p. 5). He had an appointment with this specialist on September 24, 2014, and was directed to return in two months if he was being treated with light therapy and medication (Soriatane), or in six months if not receiving such treatment (Doc. 1, p. 6). Despite these instructions, Plaintiff has not been returned for any follow-up treatment or evaluation of his condition since the September 24, 2014, date.

Plaintiff complained to Defendant Warden Duncan in February, March, and July 2015, seeking a medical furlough to St. Louis University, but received no response. Defendants Coe (Lawrence Medical Director), Garcia (Wexford Health Source Supervisor), and Martin (Lawrence Medical Administrator), have either cancelled or refused to schedule any follow-up visits to the specialist. As of the filing of his complaint, eleven months had elapsed during which Plaintiff had "not been permitted to visit a physician competent to monitor treatment of cancer" (Doc. 1, p. 8). He alleges that Defendants Martin and Garcia have denied him this necessary medical care as a cost-saving measure. He is in "chronic and substantial pain" as a result of his condition. *Id*.

Plaintiff seeks compensatory damages, as well as a permanent injunction requiring Defendants to provide him with a regular medical furlough for cancer treatment by an outside specialist (Doc. 1, p. 9). He also asks to be transferred to a different prison.

In his motion for preliminary injunction (Doc. 3), Plaintiff introduces additional facts,

claiming that he was assaulted by correctional staff members at Lawrence on May 14, 2015 (however, his attached grievances and other documentation indicate that the actual date of this incident was May 2014) (Doc. 3, pp. 1, 5-7, 10-15). During a therapy session, his scalp started burning. When he complained to the nurse, she falsely accused Plaintiff of touching her inappropriately. Several guards then assaulted Plaintiff. He was subjected to disciplinary action for the alleged touching incident. He claims that he is in constant fear for his life while he remains in Lawrence.

Turning to the issue of Plaintiff's medical treatment, the motion claims both that he is receiving the oral medication Soriatane (25 mg daily), and that Defendants Garcia and Martin refused to provide the "new Soriatane pill" (Doc. 3, p. 2). He states that he is being provided with Cetaphil soap, Triamcinolone ointment, and moisturizing lotion for his condition. However, he alleges that Defendants Martin and Garcia do not have the expertise to provide treatment for his rare cancer, and they have refused to allow a follow-up appointment for him at the St. Louis University Hospital.

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action against each of the Defendants for deliberate indifference to his serious medical needs (**Count 1**). However, Plaintiff's allegations regarding the alleged staff assault on him (**Count 2**), which appear only in his motion for injunctive relief and not in the complaint, shall be dismissed without prejudice.

## Count 1 – Deliberate Indifference to Medical Needs

In order to state a claim for deliberate indifference to a serious medical need, an inmate must show that he (1) suffered from an objectively serious medical condition; and (2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. "Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and either acts or fails to act in disregard of that risk. Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted). *See also Farmer v. Brennan*, 511 U.S. 825, 842 (1994); *Perez v. Fenoglio*, __ F.3d __, No. 12-3084, 2015 WL 4092294, at *3-4 (7th Cir. July 7, 2015).

The Eighth Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). At the same time, where a specialist has given instructions for an inmate's medical care, a prison official's failure to heed those instructions or to provide the recommended care may amount to deliberate indifference. *Perez v. Fenoglio*, 2015 WL 4092294, at *5-6; *Jones v. Simek*, 193 F.3d 485, 490 (7th Cir. 1999) (prison doctor refused to follow specialists' instructions regarding inmate's treatment).

In the present case, Plaintiff clearly suffers from an objectively serious medical condition, and one that has previously received attention from this Court. Further factual development will be required before a determination may be made as to whether the Defendants' actions or alleged failure to provide Plaintiff with regular consultations with a cancer specialist violated his Eighth Amendment rights. Accordingly, Plaintiff may proceed with his deliberate indifference claims in

**Count 1**, against Defendants Martin, Garcia, Duncan, and Coe.

## Dismissal of Count 2 – Staff Assault

Because Plaintiff did not include anything in his complaint regarding his altercation with the nurse in May 2014 or the officers' assault on him following that incident, it appears that he did not intend to pursue any claims arising from those events in this action. He did not name any of those individuals as Defendants. Indeed, the Court is unsure why Plaintiff included that information in his motion for injunctive relief, because there is no apparent connection between those incidents and Plaintiff's key allegation that he has been denied medical treatment from a specialist since September 2014. To be clear, any claims based on the alleged staff assault or disciplinary action that occurred in May 2014 are dismissed from this action without prejudice.

## Motion for Preliminary Injunction and TRO (Doc. 3)

A Temporary Restraining Order ("TRO") is an order issued without notice to the party to be enjoined that may last no more than fourteen days. A TRO may issue without notice:

> only if (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED. R. CIV. P. 65(b). Without expressing any opinion on the merits any of Plaintiff's other claims for relief, the Court concludes that a TRO should not issue in this matter. Plaintiff's allegations do not set forth specific facts demonstrating the likelihood of immediate and irreparable harm *before Defendants can be heard*. Insofar as this motion seeks a temporary restraining order (TRO), it is **DENIED in part**. However, that portion of the motion which seeks a preliminary injunction is **REFERRED** to United States Magistrate Judge Wilkerson for further consideration.

**Other Pending Motion**

Plaintiff's motion for recruitment of counsel (Doc. 2) is also **REFERRED** to United States Magistrate Judge Wilkerson for further consideration.

**Disposition**

**COUNT 2** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

The Clerk of Court shall prepare for Defendants **MARTIN, GARCIA, DUNCAN,** and **COE**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.

Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for further pre-trial proceedings, which shall include determinations on the pending motion for recruitment of counsel (Doc. 2), and the pending motion for preliminary injunctive relief (Doc. 3).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Wilkerson for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk

of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

        **IT IS SO ORDERED.**

        **DATED:  August 19, 2015**

                                                 _____

                                               **NANCY J. ROSENSTENGEL**
                                               **United States District Judge**