IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOECEPHUS MITTS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 3:15-cv-811-NJR-DGW |
| DR. PHIL MARTIN, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court are the following motions filed by Plaintiff, Joecephus Mitts:

1. Motion for Appointment of Counsel (Doc. 2);
2. Motion to Amend/Correct Complaint (Doc. 22);
3. Motion for Status (Doc. 32); and
4. Motion for Copy (Doc. 40).

The Court has reviewed the above-mentioned motions, and any responses thereto, and addresses each motion in turn, as set forth below.

**MOTION FOR APPOINTMENT OF COUNSEL (DOC. 2)**

Plaintiff has no constitutional nor statutory right to a Court-appointed attorney in this matter. *See Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). However, 28 U.S.C. § 1915(e)(1) provides that the Court "may request an attorney to represent any person unable to afford counsel." Prior to making such a request, the Court must first determine whether Plaintiff has made reasonable efforts to secure counsel without Court intervention (or whether has he been effectively

prevented from doing so). *Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992). If he has, then the Court next considers whether, "given the difficulty of the case, [does] the plaintiff appear to be competent to try it himself . . . ." *Farmer v. Haas*, 990 F.2d 319, 321-322 (7th Cir. 1993); *Pruitt*, 503 F.3d at 655 ("the question is whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself."). In order to make such a determination, the Court may consider, among other things, the complexity of the issues presented and the Plaintiff's education, skill, and experience as revealed by the record. *Pruitt*, 503 F.3d at 655-656. Ultimately, the Court must "take account of all [relevant] evidence in the record" and determine whether Plaintiff has the capacity to litigate this matter without the assistance of counsel. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013).

Plaintiff has not met the threshold burden of demonstrating he has made a reasonable attempt to obtain counsel on his own. Indeed, in his motion, Plaintiff makes no mention of any attempts he has made to secure counsel on his behalf. However, even if Plaintiff had made such a showing, the Court is not convinced that counsel is warranted at this time. Although the Court acknowledges that Plaintiff has only limited knowledge of the law and his claim involves a fairly complex medical condition, his previous filings, including his complaint and motion for preliminary injunction, demonstrate his ability to read, write, and understand the English language. Further, based on the Court's observation of Plaintiff at his hearing on his motion for preliminary injunction, it appears that Plaintiff has the ability to communicate effectively with the Court and opposing counsel. For these reasons, Plaintiff's Motion for Appointment of Counsel (Doc. 2) is **DENIED**. The Court leaves open the possibility of revisiting the issue on its own motion following a determination of Defendants' motion for summary judgment on the issue of

exhaustion.

## MOTION TO AMEND COMPLAINT (DOC. 22)

Federal Rule of Civil Procedure 15(a) provides that a party may amend a pleading, and that leave to amend should be freely given when justice so requires. Yet, "courts in their sound discretion may deny a proposed amendment if the moving party has unduly delayed in filing a motion, if the opposing party would suffer undue prejudice, or if the pleading is futile." *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008) (quoting *Campania Mgmt. Co. v. Rooks, Pitts & Poust*, 290 F.3d 843, 848-49 (7th Cir. 2002)). A complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). To state a cognizable claim, the complaint must provide enough detail to give defendants fair notice of the nature of the claim, the grounds upon which it rests, and to show that relief is plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-56 (2007).

Plaintiff has filed an amended complaint in this matter, which the Court construes as a motion to amend the complaint, seeking to add an additional claim against new defendants. More specifically, Plaintiff seeks to add as defendants Nurse Brooks[1], Lieutenant Bayor, and Correctional Officers Rue, Simmon, and John Doe who Plaintiff alleges assaulted him after Nurse Brooks falsely accused Plaintiff of inappropriately touching her. In particular, Plaintiff alleges that on May 14, 2014, his scalp started burning during a UV phototherapy session. According to Plaintiff, Nurse Brooks started cursing at Plaintiff after he informed her of the burning, and told the correctional officers in the healthcare unit that Plaintiff touched her inappropriately. Plaintiff claims that Lieutenant Bayor, as well as Correctional Officers Rue, Simmon, and John Doe then

---

[1] Although Plaintiff does not include Nurse Brooks as a defendant in the caption of his First Amended Complaint, he sets forth specific allegations against this individual; accordingly, the Court finds that Plaintiff intended to name Nurse Brooks as an additional defendant in this matter.

escorted him to the back door of the healthcare unit and assaulted him.

The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under § 1983. *See Wilkins v. Gaddy*, 599 U.S. 34 (2010); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). An inmate must show that an assault occurred, and that "it was carried out 'maliciously and sadistically' rather than as part of 'a good-faith effort to maintain or restore discipline'." *Wilkins*, 559 U.S. at 40 (citing *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)). Further, the Seventh Circuit has long recognized that a civil rights claim may be brought against officers who merely stood by and watched while another correctional officer used excessive force. In such circumstance, equal liability may be imposed for a failure to intervene. *See Byrd v. Brishke*, 466 F.2d 6, 11 (7th Cir. 1972); *see also Lanigan v. Village of East Hazel Crest*, 110 F.3d 467, 477 (7th Cir. 1997). The Court finds that Plaintiff's proposed amended complaint states a claim for excessive force and failure to intervene under the Eighth Amendment's proscription on cruel and unusual punishment against Lieutenant Bayor and Correctional Officers Rue, Simmons, and John Doe, and such claim does not appear to be unduly delayed or brought with a dilatory motive. However, Plaintiff has failed to state a claim against Nurse Brooks. Accordingly, Plaintiff's Motion to Amend the Complaint (Doc. 22) is **GRANTED IN PART** as to the addition of his Eighth Amendment claim against Defendants Bayor, Rue, Simmons, and John Doe, and **DENIED IN PART** as to any claim Plaintiff has attempted to bring against Nurse Brooks. The Clerk of Court is **DIRECTED** to electronically file Plaintiff's proposed amended complaint as the First Amended Complaint.

The Clerk of Court shall prepare for Defendants **Lieutenant Bayor, Correctional Officer Rue, and Correctional Officer Simmons**: (1) Form 5 (Notice of a Lawsuit and Request to Waive

Service of Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint, and this Order to Defendants' place of employment as identified by Plaintiff. If Defendants fail to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendants, and the Court will require Defendants to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure. Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate of service stating the date on which a true and correct copy of any document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Plaintiff is **ADVISED** that he is obligated to identify the John Doe Correctional Officer named in his First Amended Complaint. The Scheduling Order in this matter indicates that Plaintiff has until **April 8, 2016** to move to amend his complaint to substitute a specific defendant for the John Doe, identify additional steps that can be taken to identify the John Doe, and move to amend the complaint to include any additional claims or parties.

## MOTION FOR STATUS (DOC. 32)

In this motion, Plaintiff asks the Court for the status of the Court's ruling on motions filed by Defendants. Plaintiff's Motion is **DENIED**. The Court is not inclined to give status updates regarding when it might rule on pending motions. Plaintiff is **ADVISED**, however, that the filings he has inquired about have either been addressed by the Court or do not require any Court

action.

## MOTION FOR COPY (DOC. 40)

In this motion Plaintiff asks the Court for a copy of his First Amended Complaint. This Motion is **GRANTED**. The Clerk of Court is **DIRECTED** to provide Plaintiff a courtesy copy of his First Amended Complaint upon filing.

**IT IS SO ORDERED.**

**DATED: February 2, 2016**

                                                      **DONALD G. WILKERSON**
                                                      **United States Magistrate Judge**