IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOECEPHUS MITTS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:15-CV-811-NJR-DGW |
| | ) |
| DR. PHIL MARTIN, DR. HECTOR GARCIA, WARDEN DUNCAN, JOHN COE, BAYOR, C/O RUE, SIMMON, and JOHN DOE 1, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is currently before the Court on the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 46), which recommends that Plaintiff's motion for a temporary restraining order be denied and that Plaintiff's motion for preliminary injunction be granted in part and denied in part. The Report and Recommendation was entered February 2, 2016 (Doc. 46). Defendants Dr. Hector Garcia and John Coe filed a timely objection to the Report and Recommendation on February 11, 2016 (Doc. 52).

### BACKGROUND

Plaintiff Joecephus Mitts is an inmate incarcerated at Lawrence Correctional Center ("Lawrence"). He initiated this *pro se* civil action on July 27, 2015, alleging that Defendants failed to treat his serious medical condition—mycosis fungoides, a type of

Page 1 of 9

cancer known as cutaneous T-cell lymphoma that affects his skin (*See* Doc. 5, p.1). Plaintiff claims that Defendants were deliberately indifferent to his serious medical need by not providing him the recommended treatment.

In conjunction with his complaint, Plaintiff filed a "Motion for a Temporary Restraining Order, Motion for Preliminary Injunction," pursuant to Federal Rule of Civil Procedure 65, requesting that he "receive outside necessary medical care from a specialist and to be removed from Lawrence C.C. staff members."(Doc. 3). Defendants filed timely responses to this motion (*see* Docs. 23, 29). Defendants primarily argue that Plaintiff cannot meet his burden for a preliminary injunction. Defendants Duncan and Martin claim that they do not have any involvement in Plaintiff's medical care, meaning that they cannot be liable for deliberate indifference. Defendants Garcia and Coe assert that Plaintiff is not likely to succeed on the merits of his claim, that Plaintiff has an adequate remedy at law and will not suffer irreparable harm absent the injunction, that the balance of equities is in Defendants' favor, and that granting Plaintiff's motion is not in the best interest of the public.

After an evidentiary hearing was held on December 16, 2015, Magistrate Judge Wilkerson issued a Report and Recommendation (*see* Doc. 46). In the Report and Recommendation, Magistrate Judge Wilkerson provided detailed and comprehensive findings of facts based on the evidence submitted by the parties. He concluded that Plaintiff's temporary restraining order should be denied and that the preliminary injunction should be granted in part and denied in part. Specifically, Magistrate Judge Wilkerson recommends that the Court order Defendants to facilitate a referral to Dr.

Hurley, a dermatologist at St. Louis University, or to a physician in a similar specialty and deny Plaintiff's request to be transferred to a new facility.

In Defendants' objections to the Report and Recommendation, they did not contest any of Magistrate Judge Wilkerson's factual findings (*See* Doc. 52). Defendants only object that Plaintiff is not entitled to see Dr. Hurley or another medical doctor in a like specialty (Doc. 52).

## DISCUSSION

Where timely objections are filed, the Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. § 737(b)(1)(B),(C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F.Supp. 786, 788 (N.D. Ill. 1993); *See also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). *De novo* review requires the district judge to "give fresh consideration to those issues to which specific objections have been made" and make a decision "based on an independent review of the evidence and arguments without giving any presumptive weight to the magistrate judge's conclusion." *Harper*, 824 F.Supp. at 788 (citing 12 Charles Alan Wright et al., *Federal Practice and Procedure* § 3076.8, at p. 55 (1st ed. 1973) (1992 Pocket Part)); *Mendez v. Republic Bank*, 725 F.3d 651, 661 (7th Cir. 2013). Where neither timely nor specific objections to the Report and Recommendation are made, however, this Court need not conduct a *de novo* review of the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985). Instead, the Court should review the Report and Recommendation for clear error. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). The Court may then

"accept, reject or modify the magistrate judge's recommended decision." 28 U.S.C. § 636(b)(1); *Harper*, 824 F. Supp. at 788.

### A. Findings of Fact

As previously mentioned, Defendants did not object to any of Magistrate Judge Wilkerson's findings of fact. After reviewing the briefs and exhibits submitted by the parties, as well as the Report and Recommendation, the undersigned concludes that findings of fact are not clearly erroneous. Therefore, they are adopted in full. For the sake of clarity in the discussion that follows, a brief summary of the facts is provided.

When Plaintiff was incarcerated in July 2013, Defendant Coe recommended Plaintiff for a collegial review to see a specialist for his mycosis fungoides. The specialist recommended UV phototherapy and Targretin gel as treatment. Plaintiff initially refused this treatment due to security concerns, but he eventually was referred to Dr. Hurley and underwent UV phototherapy. He also received a new prescription for oral Soriatane and Triamcinolone cream. From November 2013 through May 2014, Plaintiff received the recommended UV phototherapy, medications, had regular blood work done, and saw Dr. Hurley for several follow-up appointments.

On May 14, 2014, Plaintiff was accused of inappropriately touching a female nurse. Plaintiff denied this allegation, and he believes that he has since been retaliated against due to these false claims.

After this incident, Plaintiff began refusing all UV phototherapy treatments and occasionally refusing to have his blood drawn, stating that he fears for his life. Plaintiff saw Dr. Hurley on September 14, 2014, and it was recommended that Plaintiff have

another follow-up visit "in 2 months if doing light therapy and Soriatane, 3 months if only Soriatane, [and in] 6 months if no treatment" (Doc. 23-4, p. 27). Plaintiff still refused all treatments. Defendant Coe referred Plaintiff's case to a collegial because his condition was worsening, but since Plaintiff was refusing phototherapy, his follow-up requests were denied (Doc. 23-2, p. 42).

As noted above, Magistrate Judge Wilkerson held a hearing on Plaintiff's motion on December 16, 2015. At the hearing, Plaintiff stated that he was refusing treatments because he feared that Lawrence personnel would attack him. Plaintiff asserted that his requests to see Dr. Hurley should not be denied even though he is rejecting treatment, because Dr. Hurley recommended a follow-up examination even if Plaintiff was not receiving any treatment. Defendant Coe testified that because Plaintiff was not receiving the recommended treatment, there was no reason for him to have a follow-up appointment. Defendant Coe did state that if Plaintiff chose to start UV phototherapy again, he would be permitted to see Dr. Hurley.

## B. Temporary Restraining Order

Magistrate Judge Wilkerson concluded that Plaintiff's temporary restraining order should be *de facto* converted into a motion for preliminary injunction because Defendants were put on notice of the request and were given the opportunity to respond. Neither party objected to this conclusion. After reviewing Magistrate Judge Wilkerson's analysis, the undersigned finds that this conclusion is not clearly erroneous. Accordingly, the Court adopts this conclusion in full and denies Plaintiff's request for a temporary restraining order.

## C. Preliminary Injunction

Magistrate Judge Wilkerson concluded that Plaintiff was entitled to see Dr. Hurley for a follow-up appointment per her recommendation. Defendants filed timely objections arguing that Plaintiff is not entitled to a preliminary injunction because the Court cannot force Plaintiff to accept the prescribed treatment, so any worsening of Plaintiff's cancer is of his own doing. Defendants further argue that Plaintiff's claim that he is scared to visit the Lawrence healthcare unit is false because he was there for an appointment with a nurse practitioner on November 30, 2015.

Magistrate Judge Wilkerson outlined the standard for granting the extraordinary relief of a preliminary injunction in the Report and Recommendation (*see* Doc. 46, p. 7-8), and the Court will not repeat the applicable legal principles here. As to the first prong of preliminary injunction, a reasonable likelihood of success on the merits, Defendants give this Court no reason why Plaintiff does not have more than a negligible chance of prevailing as explained by Magistrate Judge Wilkerson. Defendants also fail to persuade this Court that Plaintiff's cancer is one that a reasonable doctor or patient would not "find important and worthy of comment or treatment." *Hayes v. Snyder*, 546 F.3d 516, 522-23 (7th Cir. 2008) (quoting *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997)). The evidence presented establishes that Plaintiff's cancer constitutes a serious medical need that requires frequent and rigorous treatment by a medical professional. The Court is unpersuaded by Defendants' claim that Plaintiff's statements that he is fearful of the Lawrence staff are false because he has since visited the healthcare unit. There is no evidence to show that Plaintiff would be in contact with the same individuals that he

fears when visiting a nurse practitioner. In light of this evidence, Plaintiff has a reasonable likelihood of success on the merits.

As to the second prong, no adequate remedy at law, Defendants state that the treatment recommended by Dr. Hurley, UV phototherapy, oral Soriatane, topical steroids and emollients, and laboratory testing of Plaintiff's bloodwork, have all been available to Plaintiff, regardless of his continuing refusal to accept these treatments. Defendants argue that even if the Court was to direct Defendants to provide Plaintiff with medical care, they cannot force treatment upon Plaintiff. These arguments fail to show, however, that traditional legal remedies such as money damages would be an adequate remedy for Plaintiff. *Girl Scouts of Manitou, Council, Inc. v. Girl Scouts of U.S. of America, Inc.*, 549 F.3d 1079, 1095 (7th Cir. 2008). If Plaintiff's cancer is not treated appropriately, it is possible that it will become lymphoma, and money damages would be an insufficient remedy.

Finally, Plaintiff is likely to suffer irreparable harm if he is unable to see Dr. Hurley for a follow-up appointment. Defendants state that they are "fully in compliance with the consultant's recommendation, and stress that it is Plaintiff's refusal of the recommended treatment that is responsible for any change in his condition." (Doc. 52, p. 3). And while the Court recognizes that Plaintiff has been refusing the recommended treatments, Dr. Hurley gave specific instructions to see Plaintiff in three months if only receiving Soriatane and six months if he was receiving no treatment (Doc. 23-4, p. 27). Defendants have failed to follow this instruction. Plaintiff's cancer has the potential to develop into lymphoma, making follow-up visits with Dr. Hurley important if only for

the purpose of detecting this transition. The conversion of Plaintiff's cancer into lymphoma could not be undone after a final determination on the merits of Plaintiff's claim, which places Plaintiff in the position to suffer irreparable harm if his injunction is denied. *See Am. Hospital Ass'n v. Harris*, 625 F.2d 1328, 1331 (7th Cir. 1980) (holding that a plaintiff's harm is irreparable if it cannot be undone after a final judgment on the merits has been given). Irreversible harm may have already occurred, but it is currently undetected because Plaintiff has not had a follow-up visit with Dr. Hurley in almost eighteen months.

Finally, because Plaintiff requests furloughs to an outside specialist, the Court cannot find that the harm Defendants would suffer if it was granted is outweighed by the harm Plaintiff would suffer if this injunction was denied when applying the "sliding scale approach." *Girl Scouts of Manitou*, 549 F.3d at 1086 (citing *Abbott Laboratories v. Mead Johnson & Co.,* 971 F.2d 6, 11-12 (7th Cir. 1992)). Defendants do not argue that they would shoulder some great harm if they were required to transport Plaintiff to an outside physician for treatment. On the contrary, before Plaintiff's refusal of treatment, Plaintiff was transported to see Dr. Hurley several times without incident, showing that Defendants have the ability to grant Plaintiff's request without detriment. The Court does agree with Defendants, however, that Plaintiff is not entitled to be transferred to a new facility. The cost Defendants would have to bear in transferring Plaintiff to a different facility outweighs any benefit Plaintiff would receive from this transfer.

## CONCLUSION

For the reasons stated above, Magistrate Judge Wilkerson's Report and

Recommendation (Doc. 46) is adopted in its entirety. Defendants' objections are **OVERRULED**. Plaintiff's motion for a temporary restraining order is **DENIED**, and his motion for a preliminary injunction is **GRANTED in part and DENIED in part**. It is further **ORDERED:**

> Defendants shall facilitate a referral to Dr. Hurley, or, if Dr. Hurley is unavailable, to a physician in a similar specialty, to provide for a follow-up examination of Plaintiff's mycosis fungoides within **30 days** of the date of the Order. The Defendants **SHALL** provide a notice to the Court that advises the Court of the results of the examination, *i.e.* whether the specialist suggests a new course of treatment or whether the specialist maintains that Dr. Hurley's previous recommendations are adequate and Plaintiff need not be seen for additional follow-up care with said specialist as long as Plaintiff refuses to receive UV phototherapy treatment.

Finally, the Court notes that the relief sought in Plaintiff's motion "to Amend/Correct Motion for Temporary Restraining Order Motion for Preliminary Injunction" (Doc. 42) is not directly related to the motion that is currently before the Court. Plaintiff is advised that his motion to amend/correct is taken under advisement; it will be addressed in a separate order.

**IT IS SO ORDERED.**

**DATED:   March 29, 2016**

s/Nancy J. Rosenstengel____
**NANCY J. ROSENSTENGEL
United States District Judge**
