IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOECEPHUS MITTS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:15-cv-811-NJR-DGW |
| ) | |
| DR. PHIL MARTIN, DR. HECTOR GARCIA, ) | |
| STEPHEN DUNCAN, JOHN COE, ) | |
| RANDALL BAYLOR, BRADLEY RUE, ) | |
| THOMAS SIMMONS, and JOHN DOE 1, ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge Nancy J. Rosenstengel pursuant to 28 U.S. C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on Plaintiff's Amended Motion for Preliminary Injunction and Temporary Restraining Order (Doc. 42). For the reasons set forth below, it is **RECOMMENDED** that the Motion be **DENIED**, and that the Court adopt the following findings of fact and conclusions of law.

FINDINGS OF FACT

Plaintiff Joecephus Mitts, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), brings this action pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated while he was incarcerated at Lawrence Correctional Center ("Lawrence"). More specifically, Plaintiff is proceeding in this matter on a deliberate indifference claim against four defendants, Drs. Hector Garcia and John Coe, the Lawrence Healthcare Administrator Dr.

Phil Martin, and Lawrence Warden Stephen Duncan. Plaintiff claims that these Defendants failed to adequately treat his serious medical condition — mycosis fungoides, a type of cancer known as cutaneous T-cell lymphoma that affects his skin (*see* Doc. 5, p. 1). Plaintiff is also proceeding on an Eighth Amendment excessive force and failure to intervene claim against four defendants, Randall Baylor, Bradley Rue, Thomas Simmons, and John Doe, for allegedly assaulting Plaintiff in the healthcare unit on May 14, 2014 (*see* Docs. 47 and 48).

Along with his complaint, Plaintiff filed a motion for temporary restraining order ("TRO") and preliminary injunction asserting that the medical defendants delayed and/or denied treatment for his medical condition. Said motion was denied by District Judge Nancy J. Rosenstengel on March 29, 2016 (Doc. 63). While his first motion for TRO and preliminary injunction was pending, Plaintiff filed the motion now before the Court captioned "Motion to Amended [sic] Preliminary Injunction and TRO", which the Court construes as an Amended Motion for Preliminary Injunction and TRO (Doc. 42). In this motion, Plaintiff asserts that a correctional officer-defendant in this action who goes by the nickname "Zeze" passed out lunch trays on January 21, 2016 and Plaintiff's tray was missing tomatoes. When Plaintiff asked Officer Zeze why his tray was missing tomatoes, Officer Zeze told Plaintiff that "he don't [sic] care about Plaintiff['s] civil complaint" and indicated the officers have a "strong union" and Plaintiff "better watch his back" (Doc. 42, p. 2). Prior to this incident, Plaintiff avers that he was told by Lieutenant Freeman that the officers who allegedly assaulted him would be kept away from Plaintiff, but the January, 2016 incident reflects ongoing harassment and retaliation by Lawrence staff members. Defendants Duncan and Martin filed a timely response objecting to Plaintiff's motion on the basis that Plaintiff's motion involves individuals not a party to the current lawsuit

and alleges claims not identified in the merit review (Doc. 55).

## CONCLUSIONS OF LAW

A preliminary injunction is an "extraordinary and drastic remedy" for which there must be a "clear showing" that Plaintiff is entitled to relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoting 11A CHARLES ALAN WRIGHT, ARTHUR R MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2948 (5th ed. 1995)). The purpose of such an injunction is "to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Faheem-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988). Plaintiff has the burden of demonstrating:

1. A reasonable likelihood of success on the merits;
2. No adequate remedy at law; and
3. Irreparable harm absent the injunction.

*Planned Parenthood v. Commissioner of Indiana State Dept. of Health*, 699 F.3d 962, 972 (7th Cir. 2012). As to the first hurdle, the Court must determine whether "plaintiff has any likelihood of success – in other words, a greater than negligible chance of winning." *AM General Corp. v. DaimlerChrysler Corp.*, 311 F.3d 796, 804 (7th Cir. 2002). The Court must then weigh "the balance of harm to the parties if the injunction is granted or denied and also evaluate the effect of an injunction on the public interest." *Id.* In addition, the Prison Litigation Reform Act provides that a preliminary injunction must be "narrowly drawn, extend no further than necessary to correct the harm . . . ," and "be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). Finally, pursuant to Federal Rule of Civil Procedure 65(d)(2), a preliminary injunction would bind only the parties, their officers or agents, or persons in active concert with the parties or their agents. The movant's threshold burden, however, is to show the first three factors. *Ping v. Nat'l Educ. Ass'n*, 870 F.2d 1369, 1371 (7th Cir. 1989).

In this instance, Plaintiff has failed to meet his threshold burden for a preliminary injunction as Plaintiff has made no showing that he will suffer imminent, irreparable harm absent preliminary injunctive relief. *See Graham v. Medical Mut. of Ohio*, 130 F.3d 293, 296 (7th Cir. 1997) ("Irreparable harm is harm which cannot be repaired, retrieved, put down again, atoned for. The injury must be of a particular nature, so that compensation in money cannot atone for it." (quotation marks, internal editing marks, and citation omitted)). In particular, Plaintiff's motion references one instance in which Plaintiff avers he was denied a proper lunch tray and told that he "better watch his back" by an unidentified person whom Plaintiff claims is a defendant in this lawsuit. Importantly, Plaintiff has not pointed to any encounters with Defendants resulting in any physical contact or particular threat to his safety. Rather, it appears that the basis for Plaintiff's motion is a generalized claim of harassment and retaliation. Based on the record before the Court, the Court finds that the allegations in Plaintiff's motion do not clearly demonstrate the likelihood of immediate and irreparable harm to warrant a preliminary injunction.

### RECOMMENDATIONS

For the foregoing reasons, it is **RECOMMENDED** that Plaintiff's Amended Motion for Preliminary Injunction and Temporary Restraining Order (Doc. 42) be **DENIED**, and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals. *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir.

2003).

**DATED: June 29, 2016**

**DONALD G. WILKERSON**
**United States Magistrate Judge**