IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JOECEPHUS MITTS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:15-cv-811-NJR-DGW |
| | ) | |
| DR. PHIL MARTIN, MR. GARCIA, | ) | |
| WARDEN DUNCAN, JOHN COE, LT. | ) | |
| BAYOR, C/O RUE, C/O SIMMON, and | ) | |
| OFFICER ZWILLING, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge Nancy J. Rosenstengel pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the question of whether Plaintiff exhausted his administrative remedies prior to filing this lawsuit, as required by the Prison Litigation Reform Act, 28 U.S.C. § 1997e(a).  For the reasons set forth below, it is **RECOMMENDED** that the Motion for Summary Judgment for Plaintiff's Failure to Exhaust his Administrative Remedies filed by Defendants John Coe, M.D. and Hector Garcia, M.D. (Doc. 43) be **GRANTED**, and that the Court adopt the following findings of fact and conclusions of law.

### FINDINGS OF FACT

Plaintiff Joecephus Mitts, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this action on July 27, 2015 pursuant to 42 U.S.C. §1983 alleging his constitutional rights were violated while he was incarcerated at Lawrence Correctional Center

("Lawrence").  More specifically, Plaintiff alleges that medical personnel at Lawrence delayed and denied treatment for his mycosis fungoides, a rare form of T-cell lymphoma of the skin, and failed to send Plaintiff to an outside specialist for evaluation of his medical condition since approximately September, 2014.  Further, Plaintiff contends that on May 14, 2014 correctional officers at Lawrence assaulted Plaintiff by the back door of the healthcare unit after Nurse Brooks falsely accused Plaintiff of touching her inappropriately.  Following an initial screening of Plaintiff's complaint pursuant to 28 U.S.C. § 1915A, and the filing of two amended complaints (*see* Docs. 1, 5, 48, and 82), Plaintiff is proceeding in this action on the following two counts:

Count 1:     Eighth Amendment deliberate indifference claim against Defendants Martin, Garcia, Duncan, and Coe for failing to adequately treat Plaintiff's mycosis fungoides.

Count 2:     Eighth Amendment excessive force and failure to protect claim against Defendants Baylor, Rue, Simmons, and Zwilling.

On February 1, 2016, Defendants Dr. John Coe and Dr. Hector Garcia filed a motion for summary judgment arguing Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e, *et seq.* (Doc. 43).  In support of their motion, Defendants aver that grievance records from Lawrence and the Administrative Review Board ("ARB") evidence that Plaintiff never submitted a grievance naming Defendant Coe or complaining about actions taken by this Defendant that are at issue in this lawsuit and, with regard to Defendant Garcia, Defendants assert that Plaintiff only submitted two grievances complaining about this Defendant's actions, both of which were dated July 10, 2015 and were only received by the ARB *after* Plaintiff had filed this lawsuit on July 27, 2015.

Plaintiff timely responded to Defendants' motion on February 18, 2016 (Doc. 56).  In his

response, Plaintiff concedes that his grievances dated May 14, 2014, May 16, 2014, June 5, 2014, and October 20, 2014[1] did not exhaust against either Defendant Coe or Garcia as these grievances complained about the Defendants who assaulted Plaintiff on May 14, 2014 (*Id.* at p. 2).   However, in his response, Plaintiff avers that his grievances dated July 10, 2015 are sufficient to exhaust against Defendants Coe and Garcia as they properly notified the IDOC of these Defendants' involvement in denying him medical care (*Id.* at p. 3).

As Plaintiff's grievances dated May 16, 2014, June 5, 2014, June 12, 2014, and October 6, 2014 do not pertain to his allegations against either Defendants Coe or Garcia, and Plaintiff concedes as much, the Court declines to further address these grievances (*See* Doc. 44-2, pp. 9-10, 19-24).

After reviewing the grievances in the record before the Court, the Court finds that Plaintiff filed three grievances, one dated August 14, 2013 and two dated July 10, 2015, which related to his medical treatment, or lack thereof, for his mycosis fungoides, while at Lawrence. With regard to Plaintiff's August 14, 2013 grievance, Plaintiff complains that he had not seen a doctor for his medical condition since he was transferred to Lawrence and asserts he was not being provided light therapy and not being sent to an outside dermatology specialist to evaluate his condition (Doc. 44-1, pp. 5-6).   Plaintiff also complains about Defendant Coe in this grievance, but only states that Defendant Coe prescribed him ear drops to remove ear wax as he could not hear and indicated he had been requesting sick call in order to have his ears flushed, but to no avail.   Plaintiff's counselor responded to this grievance on September 25, 2013 (*Id.* at

---

[1] The Court has reviewed the grievances submitted by the parties and finds that no grievances were dated May 14, 2014 or October 20, 2014. It appears that Plaintiff is referencing grievances dated May 16, 2014, June 5, 2014, June 12, 2014, and October 6, 2014.

p. 5).  Subsequently, the grievance was received by the Grievance Officer on October 3, 2013, who issued a response on March 26, 2014 (*Id.* at p. 7).  The Chief Administrative Officer ("CAO") concurred with the Grievance Officer's response on April 9, 2014 (*Id.*).  There does not appear to be any other documentation concerning any appeal or review of this grievance by the ARB.

With regard to Plaintiff's July 10, 2015 grievances (which appear to be exact copies of one another), Plaintiff complains that Healthcare Administrator Phil Martin and Supervisor Garcia have cancelled his medical furloughs to Saint Louis University for eleven months and, as such, he has not been permitted to visit a physician "competent to monitor" his cancer treatment (Doc. 44-2, pp. 5-6).  Plaintiff submitted one of these grievances directly to the CAO, marking it as an "emergency grievance" (*Id.* at p. 6).  The CAO responded to this grievance on July 13, 2015, finding that an emergency was not substantiated.  Plaintiff then appealed this grievance to the ARB, which received it on July 31, 2015.  The ARB returned this grievance on August 17, 2015 directing Plaintiff to provide a copy of the Grievance Officer's and CAO's response (*Id.* at p. 3).  Plaintiff submitted his other July 10, 2015 grievance through the normal grievance channels.  Accordingly, Plaintiff first submitted this grievance to his counselor, who responded on July 16, 2015 (*see* Doc. 44-2, p. 5).  This grievance was also submitted to the ARB for review, which received it on July 31, 2015 (*see* Doc. 44-2, p. 5).  The ARB also returned this grievance on August 17, 2015 directing Plaintiff to provide a copy of the Grievance Officer's and CAO's response (*see* Doc. 44-2, p. 3).

As Plaintiff has not asserted that he filed any additional grievances on which he is relying to establish exhaustion of his administrative remedies and does not dispute the basic facts laid

out above, the Court does not find it necessary to conduct a hearing pursuant to *Pavey v. Conley*,

544 F.3d 739 (7th Cir. 2008).

## CONCLUSIONS OF LAW

### *Summary Judgment Standard*

Summary judgment is proper only if the moving party can demonstrate "there is no

genuine issue as to any material fact and that the moving party is entitled to judgment as a matter

of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). *See also*

*Ruffin-Thompkins v. Experian Information Solutions, Inc.,* 422 F.3d 603, 607 (7th Cir. 2005);

*Black Agents & Brokers Agency, Inc. v. Near North Ins. Brokerage, Inc.*, 409 F.3d 833, 836 (7th

Cir. 2005). The moving party bears the burden of establishing that no material facts are in

genuine dispute; any doubt as to the existence of a genuine issue must be resolved against the

moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970). *See also Lawrence v.*

*Kenosha County*, 391 F.3d 837, 841 (7th Cir. 2004). A moving party is entitled to judgment as a

matter of law where the non-moving party "has failed to make a sufficient showing on an

essential element of her case with respect to which she has the burden of proof." *Celotex*, 477

U.S. at 323. "[A] complete failure of proof concerning an essential element of the nonmoving

party's case necessarily renders all other facts immaterial." *Id*. The Seventh Circuit has stated

summary judgment "is the put up or shut up moment in a lawsuit, when a party must show what

evidence it has that would convince a trier of fact to accept its version of the events." *Steen v.*

*Myers*, 486 F.3d 1017, 1022 (7th Cir. 2007) (quoting *Hammel v. Eau Galle Cheese Factory*, 407

F.3d 852, 859 (7th Cir. 2005) (other citations omitted)).

***Exhaustion Requirements under the PLRA***

The Prison Litigation Reform Act provides:

No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).  Exhaustion of available administrative remedies is a precondition to suit. *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004).  *See also Perez v. Wis. Dept. of Corr.*, 182 F.3d 532, 534-535 (7th Cir. 1999) (stating that § 1997e(a) of the PLRA "makes exhaustion a precondition to bringing suit" under § 1983).  Failure to exhaust administrative remedies is an affirmative defense; defendants bear the burden of proving a failure to exhaust.  *See Jones v. Bock*, 549 U.S. 199, 216 (2007); *Dole v. Chandler*, 483 F.3d 804, 809 (7th Cir. 2006).  The Supreme Court has interpreted the PLRA to require "proper exhaustion" prior to filing suit.  See *Woodford v. Ngo*, 548 U.S. 81, 84 (2006).  This means "using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)."  *Id*. at 90, (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)).  In finding the PLRA requires proper exhaustion, the Supreme Court agreed with the Seventh Circuit's interpretation of the statute as stated in *Pozo*, which required an inmate to "file complaints and appeals in the place, and at the time, the prison's administrative rules require."  *Pozo*, 286 F.3d at 1025.  In *Pavey*, the Seventh Circuit instructed District Courts to conduct a hearing to determine whether a Plaintiff has exhausted his remedies.  *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008).  If a Plaintiff has exhausted his remedies, the case will proceed on the merits.  If, however, a Plaintiff has not exhausted, the Court may either allow Plaintiff to exhaust or terminate the matter.

*Exhaustion Requirements under Illinois Law*

Under the procedures set forth in the Illinois Administrative Code, an inmate must first attempt to resolve a complaint informally with his Counselor.  ILL. ADMIN. CODE TIT. 20, § 504.810(a).  If the complaint is not resolved, the inmate may file a grievance within 60 after the discovery of the incident, occurrence, or problem that gives rise to the grievance.  *Id*. § 504.810(b).  The grievance officer is required to advise the CAO at the facility in writing of the findings on the grievance.  *Id*. § 504.830(d).  The CAO shall advise the inmate of the decision on the grievance within two months of it having been filed.  *Id*. § 504.830(d).  An inmate may appeal the decision of the CAO in writing within 30 days to the ARB for a final decision.  *Id*. § 504.850(a).  *See also Dole v. Chandler*, 438 F.3d 804, 806-07 (7th Cir. 2006).  An inmate's administrative remedies are not exhausted until the appeal is ruled on by the ARB.  *See Id*.  The ARB shall make a final determination of the grievance within six months after receipt of the appealed grievance, where reasonably feasible under the circumstances.  *Id*. § 504.850(f).

An inmate may request a grievance be handled as an emergency by forwarding it directly to the CAO.  If the CAO determines there exists a substantial risk of imminent personal injury or other serious or irreparable harm, the grievance shall be handled on an emergency basis, which allows for expedited processing of the grievance by responding directly to the offender indicating what action shall be taken.  *Id*. § 504.840.  If, after receiving a response from the CAO, an offender feels the grievance has not been resolved, he may appeal in writing to the ARB within 30 days after the date of the CAO's decision.  *Id*. § 504.850(a).

An inmate is required to exhaust only those administrative remedies available to him.  *See* 42 U.S.C. § 1997e(a).  The Seventh Circuit has held that administrative remedies become

"unavailable" when prison officials fail to respond to inmate grievances. *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002); *Brengettcy v. Horton*, 423 F.3d 674, 682 (7th Cir. 2005). The availability of a remedy does not depend on the rules and regulations as they appear on paper, but on "whether the paper process was in reality open for the prisoner to pursue." *Wilder v. Sutton*, 310 Fed.Appx. 10, 13 (7th Cir. 2009). If further remedies are unavailable to the prisoner, he is deemed to have exhausted. *Id*. Prisoners are required only to provide notice to "responsible persons" about the complained of conditions. *See Wilder*, 310 Fed.Appx. at 15 (citing *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006)). An inmate forfeits the grievance process, however, when he causes the unavailability of a remedy by not filing or appealing a grievance. *See Kaba*, 458 F.3d at 684.

*Discussion*

After reviewing the parties' arguments and the evidence submitted in support of their respective positions, it is recommended that the Court find Plaintiff did not exhaust his administrative remedies for his claim against Defendants Dr. Coe and Dr. Garcia prior to filing this lawsuit.

With regard to Plaintiff's August 14, 2013 grievance, the Court finds that said grievance is insufficient to evidence exhaustion of Plaintiff's administrative remedies against either Defendant Coe or Garcia. This grievance, although reviewed and responded to by Plaintiff's counselor, Grievance Officer, and CAO, was not appealed to, or reviewed by, the ARB. In order to sufficiently exhaust his administrative remedies, Plaintiff must appeal the decision of the CAO in writing within 30 days to the ARB for a final decision. ILL. ADMIN. CODE TIT. 20, § 504.850(a). As Plaintiff failed to appeal this grievance to the ARB, his efforts to exhaust this

grievance were insufficient. In any event, the statements in Plaintiff's grievance were insufficient to exhaust Plaintiff's claim against Defendants Coe or Garcia as his claim against these Defendants relate to incidents occurring in September, 2014, at which time Plaintiff was seen by a specialist for his medical condition at St. Louis University, but was never able to return to his specialist for follow-up treatment. As such, any complaints about medical treatment for his health condition in August, 2013 precede the claims lodged against Defendants Coe and Garcia in this lawsuit.

With regard to Plaintiff's July 10, 2015 grievances, Plaintiff asserts that his efforts to exhaust these grievances were sufficient as they "satisfy the PLRA's exhaustion requirement as construed by the Seventh Circuit because the grievances notify the IDOC of Defendants' involvement" in denying Plaintiff's medical furloughs to see an outside specialist for his mycosis fungoides (Doc. 56, p. 3). The Court disagrees. The July 10, 2015 grievance that was submitted utilizing the normal grievance procedure was clearly not exhausted prior to Plaintiff filing this lawsuit. Specifically, there is no indication in the record, and Plaintiff has not indicated, that he attempted to submit this grievance to the Grievance Officer or CAO for review. Indeed, based on the record before the Court, it is apparent that Plaintiff skipped these administrative review requirements and submitted this grievance directly to the ARB for review after receiving his counselor's response. As such, Plaintiff's July 10, 2015 grievance that was submitted utilizing the normal grievance procedure is not sufficient to establish exhaustion of Plaintiff's claims against Defendants Coe or Garcia.

Similarly, the Court finds Plaintiff's July 10, 2015 emergency grievance insufficient to establish exhaustion of Plaintiff's claims against Defendants Coe or Garcia. Although Plaintiff

properly appealed this grievance to the ARB after the CAO determined that an emergency was not substantiated, it was not received by the ARB until July 31, 2015; four days *after* Plaintiff filed his lawsuit.  As Plaintiff failed to wait until the ARB reviewed, or even received, this grievance prior to filing his lawsuit, it is apparent that the lawsuit was filed prematurely and Plaintiff's July 10, 2015 emergency grievance is insufficient to establish exhaustion for Plaintiff's claim against Defendants Coe or Garcia.

## RECOMMENDATIONS

For the foregoing reasons, it is hereby **RECOMMENDED** that the Motion for Summary Judgment for Plaintiff's Failure to Exhaust his Administrative Remedies filed by Defendants John Coe, M.D. and Hector Garcia, M.D. (Doc. 43) be **GRANTED**; that the Court **FIND** Plaintiff did not exhaust his administrative remedies against Defendants Garcia or Coe prior to filing suit; that Plaintiff's claim against Defendants Garcia and Coe be **DISMISSED WITHOUT PREJUDICE**; and that the Court adopt the foregoing findings of fact and conclusions of law.

If District Judge Nancy J. Rosenstengel adopts the undersigned's recommendation, Plaintiff will be continuing in this matter on the following counts:

Count 1:     Eighth Amendment deliberate indifference claim against Defendants Martin and Duncan for failing to adequately treat Plaintiff's mycosis fungoides.

Count 2:     Eighth Amendment excessive force and failure to protect claim against Defendants Baylor, Rue, Simmons, and Zwilling.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto.  The failure to file a timely objection may result in the waiver of the right to challenge this Report and

Recommendation before either the District Court or the Court of Appeals. *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: July 8, 2016**

**DONALD G. WILKERSON**
**United States Magistrate Judge**