IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOECEPHUS MITTS, | ) |
|       Plaintiff, | ) |
| vs. | ) Case No. 3:15-CV-811-NJR-DGW |
| DR. PHIL MARTIN, DR. HECTOR GARCIA, WARDEN DUNCAN, DR. JOHN COE, LT. BAYOR, C/O RUE, C/O SIMMON, and OFFICER ZWILLING, | ) |
|       Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 84), which recommends that the Motion for Summary Judgment on the Issue of Exhaustion (Doc. 43) filed by Defendants Dr. John Coe and Dr. Hector Garcia be granted. The Report and Recommendation was entered on July 8, 2016. Plaintiff filed a timely objection (Doc. 89).

## Background

Plaintiff alleges in his Second Amended Complaint (Doc. 82) that his constitutional rights were violated while he was incarcerated at Lawrence Correctional Center when medical personnel, including Defendants Garcia and Coe, delayed and denied treatment for his mycosis fungoides, a rare T-cell lymphoma of the skin. Specifically, Plaintiff alleges he had an appointment with a specialist, Dr. Yadira Hurley of Saint Louis University, on September 24, 2014, and was directed to return in six

months or sooner depending on the treatment he received. According to the complaint, Defendants Duncan, Coe, Martin, and Garcia either canceled or refused to schedule any follow-up visit to Dr. Hurley. Following an initial screening of the complaint pursuant to 28 U.S.C. § 1915A, and the filing of two amended complaints, Plaintiff is proceeding in this action on his Eighth Amendment deliberate indifference claim against Defendants Duncan, Coe, Martin, and Garcia for failing to adequately treat his mycosis fungoides.

On February 1, 2016, Defendants Coe and Garcia filed a Motion for Summary Judgment on the Issue of Exhaustion (Doc. 43). Specifically, they assert that Plaintiff never submitted a grievance naming Defendant Coe in relation to the actions at issue in this lawsuit and the grievances complaining about Defendant Garcia were received by the ARB *after* Plaintiff filed this lawsuit on July 27, 2015. Plaintiff timely filed a response (Doc. 56) on February 18, 2016. Finding that Plaintiff did not dispute any of the basic facts regarding the filing of his grievances, Magistrate Judge Wilkerson found it was unnecessary to hold a hearing pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), and issued the Report and Recommendation currently before the Court (Doc. 44). The Report and Recommendation accurately states the nature of the evidence presented by both sides on the issue of exhaustion, as well as the applicable law and the requirements of the administrative process.

## Conclusions of the Report and Recommendation

Based upon the evidence before the Court, Magistrate Judge Wilkerson found that Plaintiff failed to exhaust his administrative remedies. Magistrate Judge Wilkerson

studied the grievances filed by Plaintiff and found that only three were relevant to the events at issue in this lawsuit: one dated August 14, 2013, and two dated July 10, 2015.

With regard to the August 14, 2013 grievance, Magistrate Judge Wilkerson found that the statements in Plaintiff's grievance were insufficient to exhaust his claim against Defendants Coe or Garcia because any complaints about medical treatment for his health condition in August 2013 precede the claims lodged against Defendants Coe and Garcia in this lawsuit, which are based on the denial of treatment after September 24, 2014.[1] Even if the grievance related to the events at issue in this lawsuit, Plaintiff's attempts to exhaust the grievance were insufficient. Plaintiff's counselor responded to the grievance on September 25, 2013. The Grievance Officer then received the grievance on October 3, 2013, and issued a response on March 26, 2014. The grievance next went to the Chief Administrative Officer ("CAO"), who concurred with the Grievance Officer's response on April 9, 2014. There is no evidence that Plaintiff ever appealed the CAO's response to the Administrative Review Board ("ARB").

With regard to the two grievances dated July 10, 2015, Magistrate Judge Wilkerson found that Plaintiff submitted one grievance marked "emergency" directly to the CAO, who responded on July 13, 2015. Plaintiff appealed that grievance to the ARB, which received it on July 31, 2015. The ARB responded on August 17, 2015. Plaintiff submitted the other July 10, 2015 grievance (which was identical to the first other than it was not marked "emergency") to his grievance counselor, who responded on July 16,

---

[1] Plaintiff apparently concedes the August 14, 2013 grievance is irrelevant to the conduct complained of in this lawsuit, stating in his Objection (Doc. 89) to the Report and Recommendation [Doc. 84] that "the only grievances dealing with both Defendants Garcia and Coe, are dated July 10, 2015." The Court notes, however, that the July 10, 2015 grievances only specifically mention Defendant Garcia, not Defendant Coe.

2016. There is no indication that a Grievance Officer or the CAO responded to this grievance. The ARB received this grievance on July 31, 2015, and on August 17, 2015, directed Plaintiff to provide a copy of the Grievance Officer's and CAO's response.

In light of this evidence, Magistrate Judge Wilkerson found that Plaintiff did not exhaust his administrative remedies with regard to the July 10, 2015 grievances. The July 10, 2015 grievance submitted under the normal review process was not submitted to the Grievance Officer or CAO for review prior to Plaintiff appealing to the ARB. As a result, this grievance was insufficient to establish exhaustion of Plaintiff's claims against Defendants Coe or Garcia. The July 10, 2015 grievance that was marked "emergency" was properly sent to the ARB after the CAO determined than an emergency was not substantiated. But it was not received by the ARB until July 31, 2015—four days *after* Plaintiff filed his lawsuit. Because Plaintiff did not properly follow the normal grievance procedure, and because he failed to wait until the ARB reviewed—or even received—the emergency grievance prior to filing suit, the grievance process was not exhausted.

## Discussion

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). The Court may accept, reject or modify the magistrate judge's recommended decision. *Harper*, 824 F. Supp. at 788. In making this determination, the Court must look at all of the evidence contained in the record and give fresh consideration to those issues to which specific objections have

been made. *Id.*, *quoting* 12 Charles Alan Wright et al., *Federal Practice and Procedure* § 3076.8, at p. 55 (1st ed. 1973) (1992 Pocket Part).

Here, Plaintiff filed a timely objection to the Report and Recommendation. In his objection, Plaintiff argues that the grievance process was exhausted because he notified the Illinois Department of Corrections of his complaints and pursued his grievances until they were denied through the normal grievance process or through the expedited emergency process. However, Plaintiff's objection ignores the grievance procedure set forth by the Illinois Administrative Code.

Under the Illinois Administrative Code, an inmate must first attempt to resolve a complaint informally with his Counselor. ILL. ADMIN. CODE TIT. 20, § 504.810(a). If the complaint is not resolved, the inmate may file a grievance with the Grievance Officer within 60 after the discovery of the incident, occurrence, or problem that gives rise to the grievance. *Id.* § 504.810(b). The Grievance Officer then must advise the CAO in writing of the findings on the grievance. *Id.* § 504.830(d). The CAO shall advise the inmate of the decision on the grievance within two months of it having been filed. *Id.* § 504.830(d). An inmate may appeal the decision of the CAO in writing within 30 days to the ARB for a final decision. *Id.* § 504.850(a). An inmate's administrative remedies are not exhausted until an appeal is ruled on by the ARB. *See* ILL. ADMIN. CODE tit. 20, § 504.810; *Dole v. Chandler*, 438 F.3d 804, 807-09 (7th Cir. 2006). The ARB has six months from the receipt of the appealed grievance to make a final determination. *Id.* at § 504.810(f).

Plaintiff's objection does not refute Magistrate Judge Wilkerson's findings that he failed to submit his non-emergency July 10, 2015 grievance to the Grievance Officer or

CAO for review. Rather, Plaintiff appears to argue that the emergency procedure is separate from the normal grievance process and that he is not required to engage in the normal grievance process "after exhaustion of the emergency grievance process." Based on the evidence put forth before the Court, however, Plaintiff did not exhaust his claims against Defendants Coe and Garcia through the emergency grievance procedure. The appeal of Plaintiff's emergency grievance was received by the ARB on July 31, 2015; Plaintiff filed suit on July 27, 2015. Plaintiff did not give the ARB a chance to respond to his appeal and, thus, did not exhaust the administrative review process.

Overall, the Court finds the factual findings and rationale of the Report and Recommendation sound. It is well established that an inmate cannot file suit first, then reach administrative exhaustion second. *See Cannon v. Washington*, 418 F.3d 714, 719 (7th Cir. 2005). Here, it is apparent to the Court that Plaintiff did not fully exhaust his administrative remedies prior to filing suit, and thus the motion for summary judgment must be granted.

For these reasons, the Court **ADOPTS** Magistrate Judge Wilkerson's Report and Recommendation (Doc. 84) and **GRANTS** the Motion for Summary Judgment on the Issue of Exhaustion filed by Defendants Dr. John Coe and Dr. Hector Garcia (Doc. 43). Defendants Coe and Garcia are **DISMISSED without prejudice**. The Clerk shall enter judgment accordingly at the conclusion of the entire action.

IT IS SO ORDERED.

DATED: September 22, 2016

*Nancy J. Rosenstengel*
_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**