IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOECEPHUS MITTS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:15-cv-811-NJR-DGW |
| ) | |
| DR. PHIL MARTIN, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court is the Motion to Compel Discovery and Motion for Appointment of Counsel filed by Plaintiff, Joecephus Mitts (Docs. 73 and 75). For the reasons set forth below, the Motion to Compel is **FOUND AS MOOT IN PART, GRANTED IN PART, AND DENIED IN PART,** and the Motion for Appointment of Counsel is **DENIED**.

**MOTION TO COMPEL (Doc. 73)**

In this motion, Plaintiff complains about discovery responses he received in response to requests to produce and interrogatories that were propounded on both the Wexford Defendants (Dr. Hector Garcia and John Coe) and the Illinois Department of Corrections ("IDOC") Defendants (Dr. Phil Martin, Stephen Duncan, Randall Baylor, Bradley Rue, Thomas Simmons, and C/O Zwilling). Insofar as Plaintiff's motion is directed at the Wexford Defendants, the Court finds that it is **MOOT** as both Defendant Garcia and Defendant Coe were dismissed from this action on September 22, 2016 (*see* Doc. 102). The Court, however, shall consider the motion insofar as it is directed at the IDOC defendants.

Although somewhat unclear, the Court gleans that Plaintiff finds the IDOC Defendants'

responses to his written discovery requests insufficient. As it is unclear whether Plaintiff is complaining about Defendants' responses in their entirety or complaining about their responses to discrete requests, the Court, out of an abundance of caution, reviews each of Plaintiff's requests, and Defendants' response thereto, as set forth below:

1. **Request No. 1:** Electronically store information and tangible things. Or entering onto land. For inspection and other purposes. From May 14, 2014 between 2:30 p.m. to 3:15 p.m. at Lawrence health care [*sic*].

   **Response:** These Defendants object to this Request as it is confusing. If Plaintiff is requesting a videotape taken at Lawrence Healthcare in accordance with Rule 26(b)(1) it is also irrelevant to the allegations contained in the complaint [and] is not proportional to the needs of this case.

   **Ruling:** The Court finds that this request is confusing and, as such, finds that Defendant's objection based on confusion appropriate. Plaintiff's request to compel any further response to this request is **DENIED**.

2. **Request No. 2:** Video surveillance of Lawrence Healthcare back door dated May 14, 2014 between 2:30 p.m. to 3:15 p.m. [*sic*].

   **Response:** These Defendants object to this Request. In accordance with Federal Rule of Civil Procedure 26(b)(1) the information requested is not relevant or proportional to the needs of the case.

   **Ruling:** Although this objection was appropriate prior to the filing of Plaintiff's Amended Complaint, said request could be relevant and proportional to the needs of the case as Plaintiff is proceeding on an excessive force and failure to protect claim related to an alleged assault that took place on May 14, 2014 near the backdoor of the

healthcare unit. Accordingly, Plaintiff's Motion to Compel as to this request is **GRANTED**. Defendants are **ORDERED** to supplement their response (or objection) to this request for production by **December 28, 2016**.

3. **Request No. 3:** State the duties of defendants Bayor, Warden Duncan, insofar as they pertain to providing in particular, and other high-level prison officials who are designated to decide disciplinary duty to conduct at least a minimal investigation any alleged staff assault [*sic*].

   **Response:** These Defendants object to Plaintiff's Request. It is not clear what Plaintiff is requesting.

   **Ruling:** The Court finds that this request is confusing and, as such, finds that Defendant's objection based on confusion appropriate. Plaintiff's request to compel any further response to this request is **DENIED**.

4. **Request No. 4:** Institution rules pertaining to staff assaulted along with staff assaulted identification cards. If those duties are set forth in any job description or other document produce the document [*sic*].

   **Response:** These Defendants object to Plaintiff's Request. It is not clear what Plaintiff is requesting.

   **Ruling:** The Court finds that this request is confusing and, as such, finds that Defendant's objection based on confusion appropriate. Plaintiff's request to compel any further response to this request is **DENIED**.

5. **Request No. 5:** State the names, titles and duties of all Defendants who have responsibility for ensuring that inmates requests for medical attention are responded to. If those duties are set forth in any job description or other document, produce the

document.

**Response:** These Defendants object to this request. The request is overly broad and not limited in time or scope.

**Ruling:** Although Plaintiff did not limit his request in time and scope, the Court finds this request to be relevant to the claims at issue and, as Plaintiff is proceeding *pro se*, gives some leniency to Plaintiff and his failure to properly limit his request in time and scope. Accordingly, Plaintiff's Motion to Compel as to this request is **GRANTED**. Defendants are **ORDERED** to supplement their response to this request by **December 28, 2016**, construing Plaintiff's request as limited to the relevant scope and time period (which Defendants may limit as they find appropriate; provided, however, they indicate in their supplemental response what they deem the relevant scope and time period to be).

6. **Request No. 6:** State the names titles and duties of all staff member at Lawrence. Who have responsibility for responding to, investigating or deciding inmate grievances. If those duties are set forth in any job description policy directive or other documents produce the document [*sic*].

   **Response:** These Defendants object to this request. The request is overly broad and is not limited in time or scope.

   **Ruling:** The Court agrees with Defendants that this request is overly broad. Accordingly, the Court finds Defendants' objection appropriate. Plaintiff's request to compel any further response to this request is **DENIED**.

The Court notes that discovery in this matter has closed; however, discovery will be reopened for the limited purpose of having Defendants supplement their response to requests to

produce numbers two and five.

### MOTION FOR APPOINTMENT OF COUNSEL (DOCS. 73 AND 75)

In conjunction with his motion to compel, Plaintiff filed a motion for appointment of counsel (Doc. 73).[1] This Court previously denied Plaintiff's request for appointment of counsel finding that he had not shown sufficient efforts to recruit counsel and he appeared competent to litigate this matter on his own based, in part, on the Court's observation of Plaintiff at the hearing on his motion for preliminary injunction. In particular, the undersigned found that Plaintiff was able to communicate effectively with the Court and opposing counsel. In his motion now before the Court, Plaintiff again fails to mention or describe his attempts to secure counsel on his own. As such, Plaintiff has failed to meet his threshold burden. In any event, the Court again finds that counsel is not warranted at this time. Plaintiff's filings in this matter demonstrate his ability to read, write, and understand the English language and, moreover, communicate with the Court by making necessary filings, and engage in the discovery process. Moreover, Plaintiff has failed to provide the Court with a substantial reason to reconsider its previous ruling. For these reasons, Plaintiff's Motion for Appointment of Counsel (Docs. 73 and 75) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: December 14, 2016**

**DONALD G. WILKERSON**
**United States Magistrate Judge**

---

[1] For clarity, the Court made a separate docket entry for Plaintiff's motion for appointment of counsel that was combined with his motion to compel at Document 75. As such, the Court refers to both Docket Entry 73 and 75 when referencing Plaintiff's motion for appointment of counsel.