IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOECEPHUS MITTS, | ) |
| Plaintiff, | ) ) ) ) |
| vs. | ) Case No. 3:15-CV-00811-NJR-DGW ) |
| DR. PHIL MARTIN, STEPHEN DUNCAN, RANDALL BAYLOR, BRADLEY RUE, THOMAS SIMMONS, C/O ZWILLING, | ) ) ) ) ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter comes before the Court on the Report and Recommendation of Magistrate Judge Donald G. Wilkerson (Doc. 117), which recommends denying the Motion to Enforce the Preliminary Injunction filed by Plaintiff Joecephus Mitts (Doc. 94). For the reasons set forth below, the Court adopts the Report and Recommendation in its entirety.

Mitts, an inmate currently incarcerated at Centralia Correctional Center, alleges that his constitutional rights were violated when medical personnel at Lawrence Correctional Center delayed and denied treatment for his mycosis fungoides, a rare T-cell lymphoma of the skin. Along with his complaint, Mitts filed a motion for preliminary injunction (Doc. 3) asserting Defendants failed to comply with the treatment recommendations of Dr. Hurley, an outside dermatologist, and impeded his ability to attend necessary follow-up appointments. On March 29, 2016, the Court granted the motion in part, ordering Defendants to facilitate a referral to Dr. Hurley to perform a

follow-up exam within 30 days. The Order also stated that Mitts need not be seen for additional follow-up care as long as he refused to receive UV phototherapy treatment. Dr. Hurley examined Mitts on April 20, 2016, and recommended several medications and treatments for his condition.

On September 1, 2016, Mitts filed the instant Motion to Enforce the Preliminary Injunction, claiming that, since his transfer to Centralia, Dr. Santos refused to follow Dr. Hurley's recommendations. In response, Defendants argued that Dr. Santos saw Mitts on July 8, 2016. Dr. Santos continued Mitts on his current doses of medications and ordered him a special razor, but Mitts refused UV phototherapy treatment despite Dr. Hurley's recommendation to receive such therapy three times a week. When Mitts next saw Dr. Santos on July 25, 2016, he finally agreed to undergo UV phototherapy treatment, which began on August 31, 2016.

At a hearing on Mitts's motion, Mitts informed Magistrate Judge Wilkerson that he was receiving all of the recommended treatment, but that he did not have all the personal protective gear required for his UV phototherapy treatment. The Director of Nursing at Centralia testified that Mitts has been provided with safety googles and a sock to cover his genitalia. Mitts also complained that he had not seen Dr. Hurley since his appointment on April 20, 2016.

Based on this information, Magistrate Judge Wilkerson found that Mitts was not entitled to preliminary injunctive relief. Mitts is receiving the treatment recommended by Dr. Hurley and has been provided protective gear for the UV phototherapy treatment. As such, he is not suffering irreparable harm due to Defendants' failure to

provide adequate medical treatment. Furthermore, although there was a gap in his referrals to see an outside specialist, that gap was consistent with the Court's order that Mitts was not required to receive follow-up exams if he continued to refuse phototherapy treatment. Once he did agree to the treatment, he was referred to see Dr. Hurley in October 2016. Accordingly, Magistrate Judge Wilkerson concluded there has been no inadequacy in Mitts's treatment that may cause him to suffer immediate and irreparable harm absent a preliminary injunction. The Report and Recommendation was entered on June 6, 2017 (Doc. 117). No objections were filed.

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). Where neither timely nor specific objections to the Report and Recommendation are made, however, this Court need not conduct a *de novo* review of the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985). Instead, the Court should review the Report and Recommendation for clear error. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). The Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Court has carefully reviewed Mitts's motion, the record, and Magistrate Judge Wilkerson's Report and Recommendation. Following this review, the Court fully agrees with the findings, analysis, and conclusions of Magistrate Judge Wilkerson and finds no clear error. Mitts has not sufficiently demonstrated that he will suffer imminent,

irreparable harm absent injunctive relief. *See Planned Parenthood v. Commissioner of Indiana State Dept. Health*, 699 F.3d 962, 972 (7th Cir. 2012) ("To obtain a preliminary injunction, the moving party must demonstrate a reasonable likelihood of success on the merits, no adequate remedy at law, and irreparable harm absent the injunction."). Mitts is receiving the treatment prescribed by Dr. Hurley, he is undergoing UV phototherapy treatment, and he is being provided with personal protective gear for the UV phototherapy treatment. While there was a gap in his referrals to see an outside specialist, the gap was consistent with this Court's order that a follow-up exam was not necessary if Mitts was not undergoing UV phototherapy. Once he agreed to undergo the therapy, his follow up exams resumed.

Accordingly, the Court **ADOPTS** Magistrate Judge Wilkerson's Report and Recommendation (Doc. 117) in its entirety and **DENIES** Plaintiff Joecephus Mitts's Motion to Enforce Preliminary Injunction (Doc. 94).

**IT IS SO ORDERED.**

DATED: September 6, 2017

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**